OKLAHOMA EMPLOYMENT SECURITY COMMISSION — MEETINGS The Oklahoma Employment Security Commission may hold official meetings in the State at places other than Oklahoma City The Attorney General has had under consideration your request for an opinion in which you, in effect, ask the following: May the Oklahoma Employment Security Commission hold official meetings in the State at places other than Oklahoma City? The Oklahoma Employment Security Commission was created under the provisions of 40 O.S. 220 [40-220] (1971). Powers and duties of the Commission are specifically set out in Section 40 O.S. 221 [40-221]. In reply to your question, attention is called to Article VI, Section1, of the Oklahoma Constitution: "The Executive authority of the State shall be vested in a Governor, Lieutenant Governor, Secretary of State, State Auditor, Attorney General, State Treasurer, Superintendent of Public Instruction, State Examiner and Inspector, Commissioner of Labor, Commissioner of Charities and Corrections, Commissioner of Insurance, and other officers provided by law and this Constitution, each of whom shall keep his office and public records, books and papers at the seat of government and shall perform such duties as may be designated in this Constitution as prescribed by law." Title 73 O.S. 1 [73-1] (1971), established Oklahoma City as the State Capitol and the seat of government. In your inquiry, you refer to the cases of State ex rel. Attorney General v. Huston, 27 Okl. 606, 113 P. 190 and State v. District Court of Bryan County, Okl., 290 P.2d 413. In construing Article VI, Section 1 State ex rel. Attorney General v. Huston, 27 Okl. 606, 113 P. 190, it was held that executive state officers could be enjoined from removing their offices, public records, books and papers from the seat of government and expending funds of the State for such purposes. In the case of State v. District Court of Bryan County, Okl., 290 P.2d 413, the Court indirectly touched on the matter of a board meeting at a place other than the seat of government. In arriving at a decision the Court in Bryan reasoned that even though there was no statute requiring the board to hold meetings in a certain county, the official acts of the State Board of Education could not be divorced from or be considered as being performed in a county other than the one in which its office is located. The persuasive cases of Huston and Bryan which construed Article VI, Section 1 reflect respectively that the language contained therein prohibited executive state officers from removing their offices, public records, books and papers from the seat of government and expending funds of the State for such purpose. And, Bryan established venue for public officers in the county of their official residence, these holdings, however, standing alone, have no prohibitory effect on the matter of whether a board may hold official meetings at places other than the seat of government. Therefore, since it appears that there is no statute specifying where the Oklahoma Employment Commission must or can hold official meetings, and the Attorney General is of the opinion that Section 1, Article VI does not make the holding of official meetings at places other than the seat of government constitutionally impermissible, the Attorney General is, therefore, of the opinion that in the absence of any provision, statutory or constitutional, the Oklahoma Employment Security Commission may of necessity and for the proper conduct and discharge of its duties, lawfully hold official meetings at places in the State other than at the seat of government. Opinion No. 65-115, approved December 2, 1965, is hereby expressly overruled to the extent that the views therein conflict with the views expressed herein. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative and that the Oklahoma Employment Security Commission may hold official meetings in the State at places other than Oklahoma City. (Nathan J. Gigger)